UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Erika López Prater, Ph.D., | ) | Court File No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| v. | ) | |
| | ) | |
| Trustees of the Hamline University of | ) | |
| Minnesota, | ) | |
| | ) | |
| Defendant. | ) | |

_____

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Trustees of the Hamline University of Minnesota ("Hamline University" or "Defendant") hereby give notice of the removal of this action from the Second Judicial District, Ramsey County, Minnesota, where it is now pending, to the United States District Court for the District of Minnesota.  In support of this Notice of Removal, Defendant further states:

1.      Defendant entered into a Collective Bargaining Agreement for Certain Undergraduate Adjunct Faculty (the "CBA") with the Service Employees International Union Local 284 (the "Union") in 2019. Attached hereto as **Exhibit 1** is a true and correct copy of the CBA between Defendant and the Union.

2.      The Union is the sole and exclusive collective bargaining representative of all regular part-time, non-tenured and non-tenure eligible Adjunct Instructors, Adjunct Faculty, Instructors, Adjunct Professors, and Adjuncts employed by Defendant who teach

undergraduate labs or credit-earning classes toward an academic degree on Defendant's St. Paul, Minnesota, campus ("Unit Members"). (Exhibit 1, Art. 1, § 1.)

3.      Upon Plaintiff's acceptance of Defendant's offer of appointment on August 8, 2022, she became a Unit Member covered by the CBA. (Exhibit 1, Art. 2, § 1.) Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's signed Appointment Letter.

4.      Plaintiff acknowledged the requirement that she become a Unit Member of the Union in an email to Allison Baker on September 9, 2022. Attached hereto as **Exhibit 3** is a true and correct copy of the September 9, 2022 emails between Plaintiff and Baker.

5.      Plaintiff commenced a civil action against Defendant in the Second Judicial District, Ramsey County, Minnesota, through service of process completed upon Defendant on January 17, 2023, and filed with the court on January 18, 2023, Case No. 62-CV-23-365 (the "Original Action"). The Original Action asserted claims against Defendant for: (I) Religious Discrimination in Violation of the Minnesota Human Rights Act, (II) Reprisal in Violation of the Minnesota Human Rights Act, (III) Breach of Contract, (IV) Promissory Estoppel, (V) Defamation, (VI) Intentional Infliction of Emotional Distress, and (VII) Violation of the Minnesota Whistleblower Act.

6.      Defendant removed the Original Action to this Court on February 7, 2023, Case No. 0:23-cv-00313, on the grounds that Plaintiff's claims against Defendant were substantially dependent upon interpretation of the collective bargaining agreement covering Plaintiff, which provided exclusive jurisdiction to federal district courts under Section 301(a) of the Labor Management Relations Act ("LMRA").

7.     On February 9, 2023, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Plaintiff voluntarily dismissed the Original Action without prejudice.

8.     The present civil action was commenced by Plaintiff against Defendant in the Second Judicial District, Ramsey County, Minnesota, through service of process completed upon Defendant on February 9, 2023.(the "Instant Action"). A copy of the Summons and Complaint is attached hereto as **Exhibit 4**.

9.     The Instant Action, alleging virtually identical facts, asserts claims against Defendant for: (I) Religious Discrimination in Violation of the Minnesota Human Rights Act, (II) Reprisal in Violation of the Minnesota Human Rights Act, (III) Defamation, (IV) Intentional Infliction of Emotional Distress, and (V) Violation of the Minnesota Whistleblower Act.

10.     Specifically, Plaintiff alleges: Defendant was satisfied with Plaintiff's job performance (Compl. ¶ 76); Defendant offered Plaintiff a teaching appointment for spring 2023, which she accepted (*Id.* at ¶ 12); Defendant listed the course Plaintiff was appointed to teach (*Id.* at ¶ 13); after the October 6, 2022 incident wherein she displayed paintings of the Prophet Muhammad to her class, Defendant cancelled the teaching appointment and failed to renew her teaching contract for spring 2023 (*Id.* at ¶¶ 29, 78, 98); and Defendant violated Plaintiff's academic freedom, as described in Defendant's Faculty Handbook (*Id.* at ¶¶ 64–66, 68). These facts, in part, give rise to Plaintiff's claims against Defendant for religious discrimination under the Minnesota Human Rights Act and violation of the Minnesota Whistleblower Act. (*Id.* at ¶¶ 71–81, 95–99.) Most of these allegations, including references to academic freedom, appointment and

reappointment to her teaching position, and University discretion on curriculum are terms expressly included in the CBA covering Plaintiff's employment and were the subject of collective bargaining. Any resolution of Plaintiff's current claims and Hamline University's defenses necessarily will require interpretation and application of the rights and responsibilities of the parties to the CBA.

11.     Federal Rule of Civil Procedure Rule 41(d) addresses the commencement of a second action after a voluntary dismissal, providing that a court may award costs to a defendant and stay the proceedings until the awarded costs are paid where a plaintiff who previously dismissed an action files an action based on or including the same claim against the same defendant.

12.     Under Rule 41(d), "the moving party need only establish that: (1) a plaintiff's previous action was dismissed; (2) a second action was commenced that is based upon or includes the same claim against the same defendant; and (3) there are costs and attorneys' fees incurred by the defendant in the prior action that will not be useful in the newly-filed litigation." *Robinson v. Bank of Am., N.A.*, No. 11-2284 (MJD/LIB), 2012 U.S. Dist. LEXIS 97520, at *48–49 (D. Minn. May 31, 2012) (quoting *Siepel v. Bank of Am. N.A.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006)). "Costs awarded under Rule 41(d) . . . are intended to serve as a deterrent to forum shopping and vexatious litigation." *Simeone v. First Bank Nat. Ass'n*, 971 F.2d 103, 108 (8th Cir. 1992). The purpose of Rule 41(d) is to "promote[] the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources." *Robinson*, 2012 U.S. Dist.

LEXIS 97520, at *53–54 (quoting *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007)). "The defendant is not required to prove bad faith on the part of the plaintiff in order to be awarded the costs of a previous action, but the court may consider the plaintiff's motive in dismissing the prior action when deciding whether to award costs." *Id.* at *61 (quoting 9 Wright & Miller, Federal Practice & Procedure § 2375 (3d ed.)).

13.   As demonstrated above, the Original Action filed by Plaintiff against Defendant is virtually identical to the Instant Action filed by Plaintiff against Defendant.

14.   By voluntarily dismissing the Original Action and re-filing the Instant Action without the breach of contract and promissory estoppel claims, Plaintiff has made clear she is attempting to avoid preemption under the LMRA and removal to federal court. Statements on behalf of Plaintiff to the media confirm that Plaintiff dismissed the Original Action to return to her preferred forum—Minnesota state court: "This isn't over. . . . Hamline wanted to change the venue from state court to federal court, and we took exception to that." *Hamline University, former art history instructor jockey over which court should hear lawsuit*, Star Tribune (Feb. 9, 2023) (attached hereto as **Exhibit 5**). "We served a new complaint today and will be filing it in Ramsey County Court, where the case belongs." *Art history professor moves to dismiss federal lawsuit against Hamline, plans to file new suit*, Sahan Journal (Feb. 9, 2023) (attached hereto as **Exhibit 6**).

15.   Even though Plaintiff decided not to include breach of contract or promissory estoppel claims, the Instant Action remains properly removeable pursuant to

28 U.S.C. § 1441, as each claim and the defenses to those claims necessarily requires the Court's interpretation of the CBA governing Plaintiff's employment.

16.     Article 4, Section 1 of the CBA provides, Defendant "retains all rights pertaining to administration or management of the University as a whole and at each and every level, school, program and department or other part of the University, including, but not limited to, the rights: . . . to assign duties and direct Unit Members; to determine and modify the number, qualifications, hiring criteria, scheduling, responsibilities and assignment of Unit Members; to provide Unit Members individually with a letter of appointment; to establish, maintain, modify or enforce standards of performance, conduct, order and safety; . . . to recruit or hire Unit Members; to determine how and when and by whom instruction is delivered and other services at the University are performed . . . ." (Exhibit 1, Art. 4, § 1.)

17.     Article 4, Section 2 of the CBA provides, "Decisions regarding who is taught, what is taught, how it is taught and who does the teaching involve academic judgment and shall be made at the sole discretion of the [Defendant], except to the extent, if any, of direct conflict between such exercise and an explicit provision of this [CBA]." (Exhibit 1, Art. 4, § 2.)

18.     Article 5 of the CBA concerns "Academic Freedom" of Unit Members such as Plaintiff. (Exhibit 1, Art. 5.)

19.     Article 12 of the CBA concerns "Equal Employment Opportunity and Non-Discrimination" of Unit Members such as Plaintiff. (Exhibit 1, Art. 12.)

20.     Article 14 of the CBA concerns the "Grievance and Arbitration" Procedure under the CBA. (Exhibit 1, Art. 14.)

21.     Article 14, Section 1 provides, "A grievance within the meaning of this [CBA] shall be  any dispute concerning the interpretation or application of this [CBA] . . . . This procedure shall be the sole and exclusive means for enforcing the terms of this [CBA] . . . ." (Exhibit 1, Art. 14, § 1.)

22.     Article 15 of the CBA, entitled Appointment of Courses, dictates how and when Defendant makes appointments of courses to Unit Members such as Plaintiff. (Exhibit 1, Art. 15, § 1.)

23.     Article 15 of the CBA further states that the "University has the right to exercise sole discretion over all matters related to the academic curriculum of the University, circumscribed only by the principles of academic freedom."  (Exhibit 1, Art. 15, § 6.)

24.     The application of Defendant's Faculty Handbook to Plaintiff and her ability to avail herself of the policies therein was necessarily a product of the requirement that she be a Unit Member subject to the CBA.

25.     Plaintiff's claims against Defendant concerning equal employment opportunity and non-discrimination, and related legitimate and non-discriminatory actions, whether Plaintiff was meeting Defendant's legitimate performance expectations, her alleged appointment to teach a spring 2023 course, and her academic freedom, are necessarily dependent on analysis of the CBA (Counts I, II and V). Moreover, Hamline University's legitimate and non-discriminatory defenses are absolutely grounded in the

CBA, and any analysis of the defenses to Plaintiff's claim requires the Court to review, interpret, and apply rights under that CBA.

26.     Section 301(a) of the Labor Management Relations Act ("LMRA") completely preempts "claims founded directly on rights created by collective-bargaining agreements" and "claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Boldt v. N. States Power Co.*, 904 F.3d 586, 590 (8th Cir. 2018) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). Such claims are preempted whether the questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211, 105 S. Ct. 1904 (1985).

27.     The "dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute [so that] issues raised in suits of a kind covered by § 301 [are] to be decided according to the precepts of federal labor policy. *Id.* at 314 (quoting *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103, 82 S. Ct. 571, 7 L. Ed. 593 (1962). Importantly, such preemption prevents conflicting interpretations under state law and voids collateral attacks on rights and obligations that are the subject of collective bargaining. *Id.* at 214–15.

28.     A substantially dependent claim under the LMRA is one that "require[s] the interpretation of some specific provision of" a collective-bargaining agreement, including any documents incorporated by reference. *Boldt*, 904 F.3d at 590 (quoting *Meyer v. Schnucks Mkts., Inc.*, 163 F.3d 1048, 1051 (8th Cir. 1998) and citing

*Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 204, 214–21, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985)). So, for example, if an agreement incorporates an employee handbook or employee-benefit policy by reference, the need to interpret those other documents in adjudicating a claim can also give rise to complete preemption. *Id.*; *see also BP Amoco Corp. v. NLRB*, 217 F.3d 869, 873–74 (D.C. Cir. 2000) (holding that a statement in a collective-bargaining agreement that "Benefit plans for the Company . . . will continue in force during the life of this Agreement" was sufficient to incorporate the company's health-insurance plan by reference (alteration in original)); *Halbach v. Great-West Life & Annuity Ins. Co.*, 561 F.3d 872, 876 (8th Cir. 2009) ("Basic contract principles instruct that where a writing refers to another document, that other document . . . becomes constructively a part of the writing . . . . The incorporated matter is to be interpreted as part of the writing." (brackets, internal quotation marks, and citation omitted)).

29.     This Court has original jurisdiction under 28 U.S.C. § 1331 because it presents a federal question pursuant to 29 U.S.C. § 185.

30.     This action is removable to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1441, which provides that any civil action brought in a state court for which the district courts of the United States have original jurisdiction may be removed by Defendant to the district court for the United States for the district and division embracing the place where the action is pending.

31.     28 U.S.C. § 1446(b) provides that a notice of removal may be filed within 30 days after receipt by the defendant of a copy of the initial pleading. This Notice of

Removal is timely filed within 30 days after Defendant first received a copy of the initial pleading setting forth the claims for relief upon which this removal is based.

32.    Pursuant to 28 U.S.C. § 1446(b), the state court action may be removed to this Federal District Court, being a United States District Court for the District of Minnesota, which embraces Ramsey County, Minnesota, within its jurisdiction.

33.    In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice of the filing of this removal notice to all parties in the state court action, and will be electronically filed with the Second Judicial District, Ramsey County, Minnesota, following the filing of this notice.

34.    Pursuant to 28 U.S.C. § 1446(a), Defendant attaches to this Notice of Removal a copy of all pleadings, process, and other orders served upon it in the state court action to date. *See* **Exhibit 7**. No other process, pleadings, or orders have been served on Defendant.

35.    Defendant filed herewith a Civil Cover Sheet and paid the required filing fee.

36.    Defendant has a good and sufficient defense to this action.

WHEREFORE, Defendant gives notice and respectfully removes the above-entitled action from the Second Judicial District, Ramsey County, Minnesota to the United States District Court for the District of Minnesota, and expressly preserves all available defenses.

Dated:  March 2, 2023.

**HINSHAW & CULBERTSON LLP**


By:___*s/ Mark T. Berhow*_____
Mark T. Berhow, Reg. No. 031450X
Kevin R. Coan, Reg. No. 29357X
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone: 612-333-3434
Facsimile: 612-334-8888
mberhow@hinshawlaw.com
kcoan@hinshawlaw.com

***Attorneys for Defendant Trustees of
the Hamline University of Minnesota***