UNTIED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Erika López Prater, Ph.D., | Court File No. 23-CV-505 (KMM-DJF) |
| Plaintiff, | |
| v. | **HAMLINE UNIVERSITY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| Trustees of the Hamline University of Minnesota, | |
| Defendant. | |

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................................... 1

I. PLAINTIFF'S MHRA CLAIM FOR RELIGIOUS DISCRIMINATION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. ..................... 1

    A. Plaintiff Fails to Plead Sufficiently Facts From Which to Draw a Reasonable Inference of Religious Discrimination. ....................................... 1

    B. Plaintiff Fails to Plead a Failure to Conform Religious Discrimination Claim. ................................................................................................................. 3

II. PLAINTIFF FAILS TO PLEAD A STATUTORILY PROTECTED ACTIVITY AND HER MHRA CLAIM FOR REPRISAL SHOULD BE DISMISSED. .................................................................................................................. 5

III. PLAINTIFF'S CLAIM FOR DEFAMATION IS NON-ACTIONABLE BECAUSE THE STATEMENTS WERE OPINION AND PLAINTIFF IS A LIMITED PURPOSE PUBLIC FIGURE. .............................................................. 6

    A. The Alleged Defamatory Statements in Plaintiff's Complaint Are Non-Actionable Opinion. ................................................................................ 6

    B. Plaintiff is a Limited Purpose Public Figure. ................................................. 7

IV. PLAINTIFF FAILS TO SUFFICIENTLY PLEAD SEVERE EMOTIONAL DISTRESS AND HER CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED. ........................................ 8

V. PLAINTIFF'S CLAIM FOR VIOLATION OF THE MINNESOTA WHISTLEBLOWER ACT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM. ................................................................................................. 10

CONCLUSION ............................................................................................................... 12

Defendant Trustees of the Hamline University of Minnesota ("Hamline University" or "Defendant") respectfully submits this Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety, with prejudice.[1]

# ARGUMENT

## I. PLAINTIFF'S MHRA CLAIM FOR RELIGIOUS DISCRIMINATION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Despite Plaintiff's attempts to save her MHRA religious discrimination claim, Plaintiff's Complaint fails to state a claim in this regard. Regardless of whether this Court looks at Plaintiff's MHRA claim as a "not Muslim" discrimination claim or a failure to conform discrimination claim, it cannot survive Hamline University's Motion to Dismiss.

### A. Plaintiff Fails to Plead Sufficiently Facts From Which to Draw a Reasonable Inference of Religious Discrimination.

Plaintiff is correct that she need not plead all elements of a *prima facie* case of religious discrimination in order to survive a motion to dismiss. However, she must plead enough facts to state a claim for relief that is plausible on its face. *Hager v. Ark. Dep't of*

---

[1] Contrary to Plaintiff's assertion otherwise, because it involves a court's power to hear a case, the limitation of federal subject-matter jurisdiction can never be waived or forfeited, and courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. T&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). The LMRA preemption is a defense serious enough that it has been permitted even when first raised on appeal, given the "compelling policy in favor of uniform application of federal law in actions to enforce labor contracts." *Screen Actors Guild – Am. Fed'n of TV & Radio Artists, AFL-CIO v. Sheridan Broad. Networks*, 841 Fed. Appx. 369, 373 (3d Cir. 2020) (quoting *Apponi v. Sunshine Biscuits, Inc.*, 809 F.2d 1210, 1215 (6th Cir. 1987)).

*Health*, 735 F.3d 1009, 1014 (8th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Plaintiff makes little argument in the way of refuting that her Complaint fails to raise an inference of discrimination. Plaintiff's only attempt to establish an inference of discrimination is to argue that her alleged adverse employment actions would not have occurred if she were Muslim. However, as Plaintiff makes clear in her Complaint, not all Muslims believe that displaying images of the Prophet Muhammed is prohibited. This demonstrates that it would be possible for a Muslim (who believes displaying images of the Prophet Muhammad is permissible) to have been subjected to the same alleged actions as Plaintiff alleges she was subject to. Therefore, the only reasonable interpretation of the Complaint is that the adverse actions were a result of the act (displaying images of the Prophet Muhammad), not Plaintiff's religion or non-religion.

Further, Plaintiff fails to address that her Complaint does not sufficiently allege a similarly-situated individual outside of Plaintiff's protected class was treated more favorably. Indeed, the complaint in *Darby v. Temple Univ.* withstood a motion to dismiss because the plaintiff sufficiently alleged comparator evidence. 216 F. Supp. 3d 535, 542 (E.D. Pa. 2016). Where a plaintiff fails to adequately plead an inference of discrimination or a similarly-situated employee outside the plaintiff's protected class was treated more favorably, dismissing a religious discrimination claim is proper. *Norgren v. Minn. Dep't of Hum. Servs.*, Civil No. 22-489 ADM/TNL, 2023 U.S. Dist. LEXIS 786, 2023 WL 35903, *15 (D. Minn. Jan. 4, 2023). Plaintiff alleges only that Hamline University hired a different adjunct.

2

Days ago, this Court decided *Tipcke v. Olmsted Med. Ctr.*, which dismissed a MHRA religious claim analogous to Plaintiff's. Civil No. 22-2470 ADM/JFD, 2023 U.S. Dist. LEXIS 58793, 2023 WL 2776098 (D. Minn. Apr. 4, 2023). In *Tipcke*, the plaintiff alleged religious discrimination after her employer terminated her for failing to obtain the COVID-19 vaccination pursuant to company policy. *Id.* at *4. Judge Montgomery held the plaintiff failed to allege facts or circumstances that gave rise to a plausible inference of religious discrimination where the plaintiff alleged that she was treated differently from other employees because of her religious belief, but alleged she was discharged for failing to comply with a policy that applied to all employees. *Id.* at *7. The outcome should be the same for Plaintiff here, who fails to allege she was treated differently from other employees because of *her* religion. Therefore, Plaintiff has not alleged facts from which to draw a reasonable inference of religious discrimination, and Hamline University's Motion to Dismiss her MHRA discrimination claim should be granted.

### B. Plaintiff Fails to Plead a Failure to Conform Religious Discrimination Claim.

Plaintiff claims that Hamline University made conformity with certain Muslim religious tenets a term and condition of her job, and then subjected her to adverse employment actions when she failed to conform. This argument is unconvincing.

In religious conformity cases, the employee is discriminated against for not sharing or conforming to the religious beliefs of the employer. *See Venters v. City of Delphi*, 123 F.3d 956, 972 (7th Cir. 1997); *Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1038 (10th Cir. 1993). Despite Plaintiff's conclusory allegation that Hamline University did not

3

renew her contract because she did not conform to its religious preference, the Complaint does not support this allegation. Plaintiff's Complaint alleges that Hamline University made the decision not to renew her after she displayed images of the Prophet Muhammad in her classroom, a Muslim student observed the images, and the Muslim student objected because viewing the images of the Prophet Muhammad violated a central tenet of her religion. There is no basis to support Plaintiff's claim based on such a religious preference of Hamline University, a university affiliated with the United Methodist Church. Accordingly, Plaintiff's religious conformity argument fails.

In regard to Plaintiff's "customer or client preference" argument, it is similarly unavailing. In such cases, an employer discriminates against an employee if it acts on the discriminatory preference of a customer or client. *See Bradley v. Pizzaco of Nebraska, Inc.*, 7 F.3d 795, 799 (8th Cir. 1993). For example, in *Bradley*, a restaurant adopted a strict no-beard policy based upon a perceived customer apprehension regarding beards. *Id.* The Eighth Circuit held that customer preference was not a colorable business justification to a discriminatory practice. *Id.* Similarly, in *Gerdom v. Continental Airlines, Inc.*, the Ninth Circuit held that customer preference for slim, female flight attendants did not justify a discriminatory policy. 692 F.2d 602 (9th Cir. 1982).

A parallel to these "customer preference" cases cannot be drawn in the instant case. Here, at the outset, the student's preference was not discriminatory. The student's alleged preference here was not that Plaintiff be Muslim, but rather that Plaintiff (Muslim or non-Muslim) not display images of the Prophet Muhammad. Therefore, Hamline University's Motion to Dismiss Plaintiff's MHRA religious discrimination claim should be granted.

4

## II. PLAINTIFF FAILS TO PLEAD A STATUTORILY PROTECTED ACTIVITY AND HER MHRA CLAIM FOR REPRISAL SHOULD BE DISMISSED.

Plaintiff's MHRA reprisal claim fails because she fails to sufficiently allege that she engaged in protected activity. Plaintiff confirms that the only instance of objection she engaged in was to Kostihova. (Doc. 20, pp. 25–26.) In her brief, Plaintiff attempts to recharacterize her statements to Kostihova as statutorily protected activity. However, the Complaint states Plaintiff explained to Kostihova that "excluding these Muslim paintings of the Prophet Muhammad *would be* discriminatory, in that it would privilege the religious views of Muslims who forbid visual depictions of the Prophet Muhammad over the historical record and people of other religious views, including Muslims, who do not hold that such images are forbidden." (Doc. 1-3, ¶ 27.)

Protected activity is defined as opposing an unlawful employment practice or making a charge, testifying, or participating in an investigation or other proceeding. *EEOC v. North Mem. Health Care*, 262 F. Supp. 3d 863, 867 (D. Minn. 2017); Minn. Stat. § 363A.15 (2022); 42 U.S.C. § 2000e-3(a). At the time of Plaintiff's conversation with Kostihova, she had already displayed the images of the Prophet Muhammad. Plaintiff had already been reassured of her right to display the images by Baker. (Doc. 1-3, ¶ 22.) Accordingly, despite Plaintiff's attempt to force a square peg in a round hole, her comments to Kostihova were merely explanatory of her actions—*not* objecting to perceived discriminatory conduct Hamline University had or was engaging in. Plaintiff fails to allege she objected to any action taken or was threatened by Hamline University, only that she explained why she did what she did.

5

Plaintiff fails to cite any cases supporting her assertion that recounting her actions constitutes protected activity. Therefore, Plaintiff has failed to allege she engaged in statutorily-protected activity, and fails to allege a *prima facie* case of reprisal under the MHRA. Accordingly, Plaintiff fails to state a MHRA reprisal claim, and Hamline University's Motion to Dismiss that claim should be granted.

### III. PLAINTIFF'S CLAIM FOR DEFAMATION IS NON-ACTIONABLE BECAUSE THE STATEMENTS WERE OPINION AND PLAINTIFF IS A LIMITED PURPOSE PUBLIC FIGURE.

#### A. The Alleged Defamatory Statements in Plaintiff's Complaint Are Non-Actionable Opinion.

Plaintiff seemingly concedes that assertions, such as the statement that Plaintiff's actions were "inconsiderate, disrespectful, and Islamophobic," are non-actionable opinion. (Doc. 20, p. 29.) Plaintiff, however, more vehemently challenges the other statements of opinion she claims are defamatory. Statements of "pure" opinion—*i.e.*, when the speaker states the facts on which an opinion is based—cannot trigger liability. *Joriani v. N.J. Inst. Of Tech.*, No. 18-cv-11693, 2019 U.S. Dist. LEXIS 39026, 2019 WL 1125594, *10 (D.N.J. Mar. 11, 2019); *see also Wynberg v. National Enquirer*, 564 F. Supp. 924, 927 (C.D. Cal. 1982) (holding that even opinions which criticize the character, habits, motives, and morals of an individual—without more—are non-actionable). Falsely implying a plaintiff said racist things she never said may be defamatory, but that is not so when the alleged implications are *characterizations* of a plaintiff's actual recorded statements or actions. *Id.* at *16 (citing *Ward v. Zelikovsky*, 136 N.J. 516, 643 A.2d 972, 983 (N.J. 1994) (instructing that even when a defendant implies a verifiably false fact (*e.g.*, a false accusation of

6

making racist statements), courts must still examine the context in which the statements were made to determine if they could undergird a defamation claim)).

The statements Plaintiff alleges as defamatory are statements of pure opinion because all the facts were known in the context the statements were made. The comment that Plaintiff's conduct was an "act of intolerance" (as opposed to being a "hate crime") was included in an article from Hamline University's student newspaper that includes a description of what transpired in the October 6th class, the context for the display of the images of the Prophet Muhammad, and descriptions of the images themselves. Further, the comments of Hussein—who is not an employee of Hamline University—were made during the "Community Conversation," which was held for the purpose of addressing Islamophobia, and included what occurred during Plaintiff's October 6th class. Plaintiff even alleges that another professor in attendance spoke up on her behalf about her motives. There were no hidden facts when these comments were made, therefore they are non-actionable pure opinion.

### B.     Plaintiff is a Limited Purpose Public Figure.

Plaintiff is a limited purpose public figure and liability should not attach to the alleged defamatory statements. Plaintiff attempts to argue that Hamline University generated the public controversy. In support of this assertion, Plaintiff cites *McGuire v. Bowlin*. However, the situation and controversy in *McGuire* is distinguishable from that which exists here. In *McGuire*, parents alleged a high school girls' basketball coach engaged in inappropriate behavior with the players. 932 N.W.2d 819, 822 (Minn. 2019). After being sued for defamation, the defendants attempted to assert that the plaintiff was a

7

limited purpose public figure involved in a public controversy. *Id.* at 829. That court found that the controversy was a result of the defamatory statements. *Id.*

Here, however, the controversy existed prior to Plaintiff's October 6, 2022 class. Whether depictions of the Prophet Muhammad should be displayed is a public controversy that existed well before Plaintiff displayed images of the Prophet Muhammad, as can be discerned from Plaintiff's Complaint. Therefore, Plaintiff must be viewed as a limited purpose public figure and liability should not attach to the alleged defamatory statements.

IV. **PLAINTIFF FAILS TO SUFFICIENTLY PLEAD SEVERE EMOTIONAL DISTRESS AND HER CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED.**

In deciding whether Plaintiff's IIED claim withstands Hamline University's Motion to Dismiss under Rule 12(b)(6), the Court must restrict its analysis to the four corners of the Complaint, and ask whether it "plead[s] . . . enough facts to state a claim to relief that is plausible *on its face*." *Selective Ins. Co. v. Sela*, 353 F. Supp. 3d 847, 858–59 (D. Minn. 2018) (quoting *Twombly*, 550 U.S. at 570) (emphasis in original). Plaintiff, however, attempts to add allegations to her Complaint through her response to Hamline University's Motion to Dismiss. Plaintiff seeks to bolster her allegations of extreme and outrageous conduct by adding allegations related to Plaintiff's "post-doctorate academic career" and the alleged consequences of Hamline University's actions for a "recently graduated Ph.D. hoping for a tenure-track career at a United States university." (Doc. 20, p. 39.) These allegations are nowhere to be found in Plaintiff's Complaint, and should be disregarded by the Court.

8

However, as in *Cherry v. MCF-Moose Lake*, even if Plaintiff's allegations were sufficient to satisfy the first two elements of an IIED claim, her claim fails because she does not allege particularized facts suggesting the conduct caused her emotional distress, or that the distress she suffered was severe. Case No. 22-CV-2012 (JRT/JFD), 2023 U.S. Dist. LEXIS 19135, 2023 WL 1767832, *15 (D. Minn. Jan. 17, 2023) (citing *Langeslag v. KYMN Inc.*, 664 N.W.2d 860, 868 (Minn. 2003)).

Despite her citation to Federal Rules of Civil Procedure Rules 8 and 9, Plaintiff cannot overcome the clear case law in Minnesota that claims for IIED must plead emotional distress that is sufficiently severe, and not conclusory. *Cherry*, 2023 U.S. Dist. LEXIS 19135, at *15–16 (dismissing IIED claim where the plaintiff made conclusory allegation that the defendant's conduct caused "extreme emotional distress" and failed to allege how the distress manifested itself); *Ruolo v. Keystone Shipping Co.*, Civil No. 17-5538 (JRT/LIB), 2018 U.S. Dist. LEXIS 185279, 2018 WL 5619723, *24 (D. Minn. Oct. 30, 2018) (dismissing IIED claim where plaintiff pled only general statements that he was distressed, frustrated, and humiliated) (citing *Strauss v. Thorne*, 490 N.W.2d 908, 913 (Minn. App. 1992) ("General embarrassment, nervousness and depression are not in themselves a sufficient basis for a claim of [IIED].")); *Ming'ate v. Bank of Am., N.A.*, Civil No. 11-1787 ADM/TNL, 2011 U.S. Dist. LEXIS 114026, 2011 WL 4590431, *17 (D. Minn. Sept. 30, 2011) (dismissing IIED claim on motion to dismiss because allegation of "humiliation, distress, anxiety, and embarrassment" do not rise to the level of severe emotional distress); *Boe v. TCF Nat'l Bank*, Civil No. 10-2362 (DWF/JJK), 2010 U.S. Dist. LEXIS 101142, 2010 WL 3827946, *8–9 (D. Minn. Sept. 24, 2010) (granting motion to

dismiss on IIED claim for failure to allege severe emotional distress where plaintiff alleged "sleeplessness, irritability with the family and associates, and severe nervousness).

Plaintiff's allegations of severe emotional distress are conclusory and insufficient to survive Hamline University's Motion to Dismiss. Plaintiff claims only that she "suffered immediate, severe, and lasting emotional distress, including various physical manifestations"; "feelings of isolation, embarrassment, lack of support, humiliation, and extreme emotional distress"; and "severe emotional distress and physical manifestations of the same." (Doc. 1-3, ¶¶ 38, 52, 93.)

Plaintiff cites no cases that permit an IIED claim to survive dismissal by alleging facts similar to her allegations. Further, Plaintiff cites no cases refuting the authority supporting Hamline University's argument that her IIED claim is insufficiently pled because her allegations of severe emotional distress are conclusory. Accordingly, Plaintiff's claim for IIED should be dismissed for failure to state a claim.

## V. PLAINTIFF'S CLAIM FOR VIOLATION OF THE MINNESOTA WHISTLEBLOWER ACT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

In her response, Plaintiff confirms that the only alleged protected activity she engaged in with regard to the MWA occurred on November 18, 2022. (Doc. 20, p. 41; Doc. 1-3, ¶¶ 43–44.) Additionally, Plaintiff correctly abandons her claim that Hamline University violated the MWA by failing to renew her contract. Hamline University's decision to not renew Plaintiff's contract predates her alleged protected activity, so no causal connection could be established. Plaintiff similarly fails to defend the assertion in her Complaint that Hamline University's alleged failure to "follow and apply its policies

10

on academic freedom" to Plaintiff is an adverse action. Indeed, Plaintiff does not allege that after October 6, 2022, Hamline University attempted to dictate what or how she could teach her class.

In support of her MWA claim, Plaintiff again attempts to add allegations to her Complaint through her response to try to survive Hamline University's Motion to Dismiss. Plaintiff now adds to her MWA claim that the announcement that she was not renewed was an adverse action because it left her "to continue teaching her course to students who all knew she was being fired." This argument should be disregarded. *Selective Ins. Co.*, 353 F. Supp. 3d at 858–59. The revelation that Plaintiff would not be teaching during the spring semester is not an adverse employment action.[2] *See Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) ("An adverse employment action is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects . . . .")

In *Jackman*, the plaintiff alleged she suffered adverse employment action where she was required to deplete her sick pay while on medical leave, and based on the number of coaching and counseling sessions she endured. *Id.* at 805. The Eighth Circuit held the plaintiff failed to establish a *prima facie* case of discrimination because these actions were

---

[2] In regard to Plaintiff's MWA claim, any analysis of whether this was an adverse employment action requires interpretation of the CBA and the fact that it dictates when the spring appointment would have been official (*i.e.*, via appointment letter by a set date). This analysis supports Hamline University's argument that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act.

not adverse employment actions akin to termination, a cut in pay or benefits, or changed job duties or responsibilities. *Id.* Accordingly, here the disclosure that Plaintiff was not renewed for the spring semester was not an adverse employment action, and Plaintiff fails to state a claim under the MWA in this regard. Hamline University's Motion to Dismiss should be granted on Plaintiff's MWA claim.

## CONCLUSION

Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be properly dismissed under Federal Rules of Civil Procedure Rule 12(b)(6).

Dated: April 13, 2023                                     **HINSHAW & CULBERTSON LLP**

*/s/ Mark T. Berhow*
Mark T. Berhow, Reg. No. 031450X
Kevin R. Coan, Reg. No. 29357X
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone: 612-333-3434
Facsimile: 612-334-8888
mberhow@hinshawlaw.com
kcoan@hinshawlaw.com

***Attorneys for Defendant Trustees of the Hamline University of Minnesota***