UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Erika López Prater, | Case No. 23-cv-00505 (KMM-DJF) |
| Plaintiff, | |
| v. | **JOINT RULE 26(f) REPORT** |
| Trustees of the Hamline University of Minnesota, | |
| Defendant. | |

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on October 3, 2023, via video conference, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for October 17, 2023, before United States Magistrate Judge Dulce J. Foster by Zoom. The parties do believe the pretrial conference may be canceled and the pretrial scheduling order may be issued based on the parties' Joint Rule 26(f) report.

(a) Rule 7.1 Disclosures.

  The parties must comply with Rule 7.1, if applicable:

  (1) For Plaintiff: Rule 7.1 does not apply.

  (2) For Defendant: Rule 7.1 does not apply.

(b) Description of the Case.

  (1) Concise factual summary of plaintiff's claims: Plaintiff alleges Defendant violated the Minnesota Human Rights Act by discriminating against her because of religion.

  Plaintiff was employed by Defendant as an Undergraduate Adjunct professor of art history for the fall 2022 term, teaching a course in World Art. Defendant expressed satisfaction with Plaintiff's job performance and made plans to bring Plaintiff back for the following semester.

In early October 2022, during a unit on Islamic art, Plaintiff displayed, for purely educational purposes, two historical and reverential paintings of the Prophet Muhammad. Before displaying the images, Plaintiff announced that she was about to do so, so that Muslim students who choose not to view such images could avoid seeing them. One Muslim student reportedly viewed the images, became incensed, and complained to Hamline administration that, based her religious beliefs and those of like-minded Muslims, such images should not be displayed at any time for any reason to anyone at Hamline.

Plaintiff complied with Hamline's suggestion that she apologize to the Muslim student, but this satisfied neither the student nor Defendant. Defendant thus changed its plans and declined to renew Plaintiff's contract for the spring semester. Plaintiff alleges that Defendant did so because Plaintiff is not Muslim, and because Plaintiff failed to comply with the religious-based preferences of certain Hamline students. Hamline leadership then publicly excoriated Plaintiff, asserting that showing the images of the Prophet Muhammad was "undeniably inconsiderate, disrespectful and Islamophobic." Hamline leadership also publicly stated that Plaintiff's contract was not renewed for the spring semester because she had shown the images of the Prophet Muhammad, contrary to the beliefs of some Hamline students.

(2) Concise factual summary of defendant's claims/defenses: Defendant Trustees of the Hamline University of Minnesota ("Hamline University") maintains that at all times it complied with the Minnesota Human Rights Act ("MHRA"), and all applicable laws, in regard to Plaintiff's employment and non-renewal.

Hamline University operates the private liberal arts college in St. Paul, Minnesota, which is governed by its independent Board of Trustees. Hamline University is welcoming of all religions, is non-sectarian in its admissions practices, and does not discriminate in the contents of its courses or otherwise. Hamline University hired Plaintiff as an Undergraduate Adjunct in its College of Liberal Arts for the fall 2022 term to teach the fall 2022 class ARTH1100 - World Art.

Despite previously discussing a potential spring 2023 teaching opportunity, that process never resulted in Plaintiff's receipt of an appointment letter for a spring 2023 course, which is a prerequisite for employment under the collective bargaining agreement to which Plaintiff was subject. Hamline University did not discriminate against Plaintiff based upon religion or any other unlawful basis.

(3) Statement of Jurisdiction (including statutory citations): The Court has ruled that federal question jurisdiction in the Federal District Court is appropriate under 28 U.S.C. § 1331.

(4) Summary of factual stipulations or agreements: None.

(5) A jury trial has been demanded by both parties.

(6) The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable.

(c) Pleadings.

The status of pleadings is as follows: The Complaint has been properly served and filed. Defendant's Answer was served and filed on September 29, 2023. Plaintiff has requested a notice of right to sue from the EEOC. Once the notice is received, Plaintiff will seek to amend her complaint to add a claim for religious discrimination in violation of Title VII of the Civil Rights Act of 1964. The parties do not presently anticipate adding additional parties to the action.

(d) Other Fact Discovery.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) Deadline for initial disclosures under Fed. R. Civ. P. 26(a)(1): November 1, 2023.

(2) Deadline for the exchange of documents identified by each party's Rule 26(a)(1) initial disclosures: November 15, 2023.

(3) Interim deadline [if any] for the substantial completion of document production [to facilitate the scheduling and taking of depositions]: May 1, 2024.

(4) Deadline for service of deposition notices or subpoenas under Fed. R. Civ. P. 30(b)(6) July 1, 2024. Any notice of 30(b)(6) deposition must be served at least 30 days before the scheduled deposition date.

(5) Deadline for completion of mental or physical examinations under Fed. R. Civ. P. 35: September 1, 2024.

(6) Deadline for the close of all fact discovery [the parties must commence fact discovery in time to be completed by the following deadline]: November 1, 2024.

(7) The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures [per party/per side] as follows:

(A) 30 interrogatories;

(B) 30 document requests;

(C) 40 requests for admissions;

(D) 10 fact depositions (including Fed. R. Civ. P. 30(b)(6) depositions);

(E) n/a other [please specify].

(e) Expert Discovery.

(1) The parties anticipate that they will require expert witnesses at the time of trial.

(A) The plaintiff anticipates calling up to 2 experts in the fields of: economic damages and reputational harm.

(B) The defendant anticipates calling 2 experts in the fields of: rebuttal of economic damages and reputational harm claims.

(2) The parties propose that the Court establish the following plan for expert discovery:

(A)   Initial experts.

(i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before September 1, 2024.

(ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before October 1, 2024.

(B)   Rebuttal experts.

(i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before November 1, 2024.

      (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>December 1, 2024</u>.

  (3) All expert discovery must be completed by <u>February 1, 2025</u>.

(f) Other Discovery Issues.

  (1) Discovery of Electronically Stored Information (ESI).[2]

    The parties have discussed the scope of ESI discovery, including relevance and proportionality, and any issues about preserving ESI. The parties have also discussed the form or forms in which ESI should be produced. They inform the Court of the following agreements or issues:

    The parties will further meet and confer by <u>December 1, 2023</u> to discuss their plan for formal protocol for ESI discovery. They agree to present any disputes regarding an ESI discovery plan and protocol to the Court by <u>January 8, 2024</u>.

  (2) Protective Order. The parties agree that a protective order is necessary to govern discovery. If a protective order is requested by any party, the parties will jointly submit either a proposed protective order or a report identifying areas of disagreement on or before <u>November 1, 2023</u>. No protective order may purport to authorize filing documents under seal except as permitted under LR 5.6. No protective order may include language purporting to obligate the Court to destroy or return confidential documents to the parties after the conclusion of the case.

  (3) Claims of Privilege or Protection. As required by Fed. R. Civ. P. 26(f)(3)(D), the parties have discussed procedures for asserting that information is protected by a privilege or the work-product doctrine, including procedures for asserting these claims after production (so-called "claw-back" procedures), and whether to request an order from the Court under Fed. R. Evid. 502(d). The parties have reached an agreement that will be set forth in their proposed protective order.

  (4) Attorney's Fees. The parties do anticipate that a claim for attorney's fees will be litigated in this case. The parties agree that any petition for attorney's fees will be made by motion as set forth in Fed. R. Civ. P. 54(d)(2). Attorney time will be documented using the lodestar method. Any motion for attorney's fees will be presented to the Court on or before 14 days after entry of judgment.

(g) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by <u>January 2, 2024</u>.

(2) Motions seeking to amend the pleadings must be filed and served by <u>March 1, 2024</u>.

(3) All other non-dispositive motions must be filed and served by <u>February 1, 2025</u>.

(4) All dispositive motions must be filed and served by <u>March 1, 2025</u>.

(g) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after <u>July 1, 2025</u>.

(2) The parties propose that the final pretrial conference be held on or before <u>July 1, 2025</u>.

(h) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

The claim asserted against Hamline University in this matter is potentially covered by a policy of insurance issued by Starr Indemnity and Liability Co, with an aggregate limit of liability totaling $5,000,000.

(i) Settlement.

(1) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

(2) The parties propose that a settlement conference be scheduled to take place before <u>November 1, 2024</u>.

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

(j) Trial by Magistrate Judge.

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

DATE:  October 10, 2023  **FABIAN MAY & ANDERSON, PLLP**

*/s/ David H. Redden*
David H. Redden, Reg. No. 391496
Nicholas G.B. May,  Reg. No. 287106
Adam A. Gillette,  Reg. No. 328352
1625 Medical Arts Building
825 Nicollet Mall
Minneapolis, MN 55402
Telephone: 612-353-3340
dredden@fmalawyers.com
nmay@fmalawyers.com
agillette@fmalawyers.com

***Attorneys for Plaintiff  Erika López Prater***

DATE: October 10, 2023  **HINSHAW & CULBERTSON LLP**

*/s/ Mark. T. Berhow*
Mark T. Berhow, Reg. No. 031450X
Kevin R. Coan, Reg. No. 29357X
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Telephone: 612-333-3434
Fax: 612-334-8888
mberhow@hishawlaw.com
kcoan@hinshawlaw.com

***Attorneys for Defendant Trustees of the Hamline University of Minnesota***